

FannieMae
3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

Announcement 08-19                                August 6, 2008

*Amends these Guides: Servicing*

## New Foreclosure and Bankruptcy Attorney Network and Attorneys' Fees and Costs

### Introduction

From time to time, Fannie Mae reviews its default-related procedures to evaluate their effectiveness and to identify changes that may be appropriate. Based upon the latest review, Fannie Mae is creating a new network of retained attorneys to handle all Fannie Mae foreclosure and bankruptcy matters (as well as post-foreclosure legal proceedings and activities). The new network will initially include 31 jurisdictions, with the expectation that additional jurisdictions will be added over time. The new network will foster a more disciplined, end-to-end approach to default management; facilitate more effective management of fees, costs, quality, and reporting to Fannie Mae; and facilitate enhanced loss mitigation efforts by network attorneys. To achieve these objectives, Fannie Mae will now require that servicers refer foreclosures and bankruptcy cases only to attorneys included in our network (in applicable jurisdictions). Fannie Mae is also updating the provisions of the *Servicing Guide* governing foreclosure and bankruptcy attorneys' fees.

### New Mandatory Network Structure

*Servicing Guide*, Part VIII, Section 104.02: Fannie Mae-Retained Attorneys/Trustees; and Announcement 07-09: *Fannie Mae-Retained Bankruptcy Attorneys*

Announcement 08-19                                                                                     Page 1

Exhibits p.000081

## Affected Jurisdictions

Fannie Mae is creating a new mandatory network of retained attorneys to handle all foreclosure and bankruptcy matters relating to conventional or government mortgages held in its portfolio or that are part of an MBS pool that has the special servicing option or a shared-risk MBS pool for which Fannie Mae markets the acquired property.

Under the new structure, Fannie Mae will post on eFannieMae.com a list of attorneys in each jurisdiction who are eligible to receive foreclosure and bankruptcy referrals relating to Fannie Mae loans (the "Retained Attorney List") and an effective date for the mandatory use of the attorneys. The initial Retained Attorney List includes attorneys for the first 31 jurisdictions, and is effective for mandatory use on October 1, 2008 (the "effective date"). The Retained Attorney List will be updated with additional jurisdictions, and attorneys may be added or removed from the list from time to time. Servicers are responsible for checking the Retained Attorney List on the Web site to ensure they are using the most current list.

### Initial Retained Attorney Jurisdictions

| | | | | |
|---|---|---|---|---|
| Alabama | Hawaii | Minnesota | Oklahoma | Washington |
| Arizona | Illinois | Missouri | Pennsylvania | Wisconsin |
| California | Indiana | New Hampshire | Puerto Rico | Virginia |
| Colorado | Louisiana | New Jersey | Rhode Island | |
| Connecticut | Maryland | New York | South Carolina | |
| Florida | Massachusetts | North Carolina | Tennessee | |
| Georgia | Michigan | Ohio | Texas | |

## Referral Requirements

For jurisdictions that are identified on the Retained Attorney List, servicers are required to direct all new Fannie Mae foreclosure and bankruptcy referrals to a retained attorney on or after the posted effective date with the exception of the two scenarios noted below.

Exceptions:

- Special guidelines apply for foreclosures in the states of Arizona, California, and Washington (see section below).
- If a foreclosure referral is made before the effective date to an attorney that is not on the Retained Attorney List, that attorney may handle any subsequent bankruptcy that arises before completion of the foreclosure or reinstatement of the loan if the attorney has the necessary qualifications.

Foreclosure and bankruptcy referrals made prior to the effective date for the applicable jurisdictions may remain with the original attorneys to whom they were referred.

In all cases, servicers must advise the attorney to whom the referral is made that Fannie Mae owns or securitizes the mortgage being referred. The attorney to whom a foreclosure referral is made will handle any resulting bankruptcy case, and the attorney to whom a

bankruptcy referral is made will handle any foreclosure following resolution of the bankruptcy case, unless Fannie Mae approves a deviation from this policy.

## Diversification of Retained Attorneys

In order to limit risks arising from the concentration of the legal work relating to Fannie Mae's delinquent loans in a single law firm in a jurisdiction, Fannie Mae urges servicers to diversify their referrals of Fannie Mae matters among two or more law firms in each jurisdiction. Fannie Mae will monitor the concentration of its legal work and reserves the right to suspend the referral of new cases to attorneys (or to reassign previously referred cases) in order to regulate concentration, capacity, performance, or for other reasons.

## Special Guidelines for Arizona, California, and Washington

For nonjudicial foreclosures in Arizona, California, and Washington, servicers may continue to employ trustees of their choice. The Retained Attorney List will not include corporations that are authorized to conduct foreclosures as trustees in these states. To facilitate continuity in the transition of files from foreclosure through REO closing, when a referral is made to a trustee in one of these three states, the servicer must require that the trustee obtain evidence of title for the foreclosure from a Fannie Mae-approved title company, which will subsequently represent Fannie Mae's interests as seller in connection with the REO closing. The list of Fannie Mae-approved title companies is posted on eFannieMae.com. All legal matters in Arizona, California, and Washington, including *judicial* foreclosure proceedings, bankruptcy cases, and litigation, must be referred to attorneys on the Retained Attorney List.

## Jurisdictions Not on the Retained Attorney List

For jurisdictions that are not included on the Retained Attorney List, Fannie Mae will continue to rely upon servicers to select and retain qualified attorneys of their choice to handle Fannie Mae foreclosure and bankruptcy matters in accordance with our *Servicing Guide* requirements.

## Special Guidelines for Nevada

Although Fannie Mae is not yet identifying retained attorneys for Nevada, servicers that refer nonjudicial foreclosures to trustees in Nevada must require that the trustee obtain evidence of title for the foreclosure from a Fannie Mae-approved title company, which will subsequently represent Fannie Mae's interests as seller in connection with the REO closing. Until Fannie Mae identifies retained attorneys for Nevada, Fannie Mae will continue to rely upon servicers to select and retain qualified attorneys of their choice to handle Fannie Mae foreclosure and bankruptcy matters in Nevada in accordance with our *Servicing Guide* requirements.

Exhibits p.000083

## Servicer Responsibility for Monitoring Retained Attorneys

The servicer is responsible for monitoring all aspects of the performance of any retained attorney to whom it makes a referral, including loss mitigation activities, cure rates, and timeline performance. The servicer will not be required to reimburse Fannie Mae for any losses incurred because the retained attorney failed to properly meet his or her responsibilities, nor will the servicer be subject to the imposition of compensatory fees related to deficiencies in the performance of the retained attorney. This applies as long as the losses or deficiencies are unrelated to any failure by the servicer to monitor or manage the performance of the retained attorney or failure of the servicer to timely provide required or requested documents, information, or signatures to the retained attorney.

## Relationship with Retained Attorneys

Each retained attorney will execute an engagement letter with Fannie Mae which will, among other things:

- document the existence of an attorney-client relationship with Fannie Mae;
- acknowledge Fannie Mae's right to communicate directly with the attorneys and monitor and/or audit the attorneys' handling of its cases;
- specify the attorney's fees, impose limits on costs, and prohibit the payment of outsourcing or referral fees; and
- require attorneys to directly notify Fannie Mae of nonroutine litigation and certain other matters.

In most cases, the retained attorney will also represent the servicer (and may have signed a separate engagement letter with the servicer). Fannie Mae's engagement letter with the attorney will provide that in the event a conflict of interest arises during the course of representing both the servicer and Fannie Mae, the attorney must notify both the servicer and Fannie Mae of the conflict, and Fannie Mae and the servicer will work together to resolve the conflict.

## Provisions Applicable to All Fannie Mae Foreclosure and Bankruptcy Referrals (Mandatory Retained and Servicer-Retained Referrals)

### Nonroutine Litigation

*Servicing Guide,* Part III, Section 503: Nonroutine Legal Actions; and Part VIII, Section 101: Routine vs. Nonroutine Litigation

Fannie Mae is modifying the notification requirements related to nonroutine litigation. Refer to the *Servicing Guide,* Part VIII, Section 101 for examples of nonroutine litigation. (Additional examples include "show cause orders" or proceedings and motions for sanctions.)

Exhibits p.000084

When a servicer receives notice of a nonroutine action that involves a Fannie Mae-owned or Fannie Mae-securitized mortgage or that will otherwise affect our interests -- regardless of whether Fannie Mae is also named as a party to the action -- the servicer must immediately contact Fannie Mae's Regional Counsel via e-mail to nonroutine_litigation@fanniemae.com. Fannie Mae reserves the right to select counsel to handle nonroutine litigation and may select attorneys who are not on the Retained Attorney List.

## Attorneys' Fees and Expenses

*Servicing Guide,* Part VII, Section 401.03: Allowable Attorney Fees; Part VIII, Section 104.03: Attorney (or Trustee) Fees, and Chapter 1, Exhibit 3: Attorney's and Trustee's Fees

## Servicers' Duties

All attorneys must submit their statements for all fees and expenses directly to the servicer. Fannie Mae reminds servicers of the *Servicing Guide's* requirements governing attorneys' fees, including the requirements that fees charged to borrowers be permitted under the terms of the note, security instrument, and applicable laws and be prorated to reasonably relate to the amount of work actually performed.

Before requesting that Fannie Mae reimburse the servicer for fees paid to an attorney, the servicer must review and approve the attorneys' fees and costs to ensure that they are in compliance with the guidelines. Servicers must have appropriate policies, procedures, and controls to ensure compliance with our requirements, and Fannie Mae will monitor the effectiveness of the servicers' policies, procedures, and controls.

The servicer, its agents, or any outsourcing firm it employs may not charge (either directly or indirectly) any outsourcing fee, referral fee, packaging fee, or similar fee to any attorney or trustee in connection with any Fannie Mae loan. Moreover, the amount of any fee charged to any attorney or trustee for technology usage or electronic invoice submission must be reasonable in relation to the benefit received by the attorney.

## Updated Maximum Allowable Foreclosure Fees

Attachment 1 to this Announcement, which replaces the current exhibit in the *Servicing Guide*, reflects the maximum allowable attorney/trustee fees that Fannie Mae will reimburse for work related to foreclosures of whole mortgages, participation pool mortgages, and MBS pool mortgages serviced under the special servicing option for matters referred on or after October 1, 2008.

## Services Included in Maximum Allowable Foreclosure Fees

Fannie Mae is revising Part VIII, Section 104.03 of the *Servicing Guide* to clarify what services are included within the scope of the maximum allowable foreclosure fee in each jurisdiction.

Judicial Foreclosures: In general, the maximum allowable foreclosure fee is intended to cover all services that are typically required to be performed by foreclosure counsel in the prosecution of a judicial foreclosure in accordance with local law. These steps include:

1. Ordering title
2. Reviewing title reports and exceptions
3. Drafting Complaint, Summons, Lis Pendens, and other papers necessary to initiate the foreclosure action
4. Filing the foreclosure Complaint and Lis Pendens
5. Executing all steps necessary to obtain service of process on all defendants, including review of process server affidavits, obtaining court permission to serve by publication, and referral and tracking of published notices
6. Preparing legal papers for entry of foreclosure judgment, whether by default or through summary judgment process
7. Obtaining judgment of foreclosure, including one court appearance
8. Preparing all legal papers to conduct the foreclosure sale
9. Conducting, or arranging for sheriff or other third party to conduct, the foreclosure sale
10. Obtaining judicial confirmation of foreclosure sale, where required by local law
11. Preparing all legal papers necessary to convey title to Fannie Mae or a successful third-party bidder

Nonjudicial Foreclosures: As with judicial foreclosures, the maximum allowable foreclosure fee for nonjudicial foreclosures is intended to cover all services that are typically required to be performed by foreclosure trustee or counsel in the completion of a nonjudicial foreclosure resulting in title transferring from the borrower to the highest bidder at the foreclosure sale, in accordance with local law. These steps include:

1. Ordering title
2. Reviewing title reports and exceptions
3. Preparing all necessary legal papers to initiate the nonjudicial foreclosure process, including Substitution of Trustee, Notice of Default, and Notice of Sale
4. Recording the necessary documents in the appropriate county recorder's office
5. Executing all steps necessary to obtain service of process on all persons entitled to notice, including review of process server affidavits and referral and tracking of published notices
6. Publishing and posting the requisite notices as required by local foreclosure law
7. Preparing all legal papers to conduct the foreclosure sale
8. Conducting, or arranging for sheriff or other third party to conduct, the foreclosure sale

9. Preparing and filing a report of sale with the local court or recorder's office, where required by local law
10. Preparing all legal papers necessary to convey title to Fannie Mae or a successful third-party bidder

For both judicial and nonjudicial foreclosure actions, the maximum allowable attorney or trustee fee for nonjudicial foreclosure proceedings does not include the *costs* involved in such a proceeding, such as title charges, filing fees, recordation fees, process server expenses, and publication costs, as applicable.

## Additional Legal Services

Fannie Mae will reimburse the servicer for reasonable attorneys' fees necessary to resolve issues caused by unexpected events, unless they are due to (1) a breach or alleged breach of selling warranties or representations or origination or selling activities; (2) the lender's failure or alleged failure to satisfy its duties and responsibilities as a servicer; or (3) actual or alleged error or lack of diligence on the part of a non-network counsel or a trustee retained by the servicer. Events which may require additional legal services include, but are not limited to, the following:

- additional court appearances due to borrower delay or court-initiated continuances;
- motions to shorten redemption periods (for instance, when a property has been abandoned);
- litigation activities, including discovery practice, motions, trial, and appeal, engendered by borrower defenses not related to origination or servicing of the loan or the acts or omissions of a counsel or trustee selected and retained by the servicer;
- probate court practice required due to the death of the borrower or co-borrower;
- intervention by other claimants, including taxing authorities or homeowners or condominium associations; and
- conducting a closing to complete a sale to a third-party bidder.

All requests for approval of excess fees by Fannie Mae must be submitted via e-mail to excess_fee_request@fanniemae.com.

If additional legal or trustee services are required to protect Fannie Mae's interest and these legal or trustee services are not within the scope of services contemplated by the maximum allowable foreclosure fee and are required due to a breach or alleged breach of selling warranties or representations or origination or selling activities or to the lender's failure or alleged failure to satisfy its duties and responsibilities as a servicer, Fannie Mae requires the servicer to pay counsel or the trustee a reasonable fee for their services. Some of these events may include, but are not limited to:

- Title curative work, including judicial proceedings to eliminate recorded liens that are prior in time; judicial proceedings to account for missing intervening assignments; and legal analysis and communications with prior lien holders and title companies.

- Litigation activities, including discovery practice, motions, trial, and appeal, caused by borrower defenses related to origination or servicing of the mortgage loan, including payment dispute allegations.

## Updated Maximum Allowable Bankruptcy Fees

*Servicing Guide,* Part VII, Section 401.03: Allowable Attorney Fees

Attachment 2 to this Announcement outlines the maximum attorneys' fees that Fannie Mae will reimburse for routine services provided by counsel in connection with bankruptcy matters referred on or after October 1, 2008.

As a reminder, the following Fannie Mae policies continue to apply:

- The schedule of maximum allowable attorney fees for bankruptcy actions applies to all attorneys, whether or not the attorney is a Fannie Mae-retained attorney or servicer-retained attorney.
- The bankruptcy fee schedule covers the customary and routine legal services performed in each type of legal service. Generally, Fannie Mae will not reimburse the servicer for any attorneys' fees that exceed the scheduled amounts unless prior approval was obtained before incurring the fee. To obtain Fannie Mae's prior approval, a written request must be submitted by e-mail to excess_fee_request@fanniemae.com.

**Note**

When legally permissible, the servicer must preserve the borrower's obligation to reimburse the servicer for attorneys' fees paid for bankruptcy actions in a way that is in accordance with local bankruptcy rules and all applicable law (particularly since local bankruptcy rules and procedures for approval of attorneys' fees and other applicable law may vary from one jurisdiction to another). One way of preserving the borrower's obligation might be to make sure that the borrower's proposed bankruptcy plan provides for the payment of all legal fees. Another way of preserving the borrower's obligation might be to include the fees as part of the total indebtedness (if applicable law allows that to be done without obtaining approval from the bankruptcy court). If it is not legally permissible to collect bankruptcy attorneys' fees and costs from the borrower, Fannie Mae will reimburse the servicer for such fees and costs to the extent that services to protect Fannie Mae's interests were actually rendered and the fees and costs charged for them are reasonable and necessary and comply with our guidelines.

## Existing *Servicing Guide* Provisions

All of the provisions of the *Servicing Guide* that relate to foreclosure and bankruptcy attorneys and trustees will continue to apply under the new structure, unless expressly modified by this Announcement.

## Effective Dates

As previously stated, servicers must refer foreclosure or bankruptcy matters to attorneys that appear on the Retained Attorney List for the initial jurisdictions on or after October 1, 2008. The new foreclosure and bankruptcy fee schedules are effective for cases referred for foreclosure or bankruptcy services on and after October 1, 2008. (Fees for cases referred prior to October 1, 2008 will be based on the current fee schedules in the *Servicing Guide* effective as of the date of referral.)

*******

Servicers should contact their Servicing Consultant, Portfolio Manager, or our National Servicing Organization's Solution Center at 1-888-326-6438 if they have any questions about Announcement 08-19.

Michael A. Quinn
Senior Vice President
Single-Family Risk Officer

## Attachment 1

*Servicing Guide,* Part VIII, Chapter 1, Exhibit 3: Attorney's and Trustee's Fees (Effective October 1, 2008)

| State | Nonjudicial Foreclosure | Judicial Foreclosure |
|---|---|---|
| Alabama | $600$^1$ | On Approval$^2$ |
| Alaska | $1,200 | On Approval$^2$ |
| Arizona | $625 | On Approval$^2$ |
| Arkansas | $600 | $750 |
| California | $650$^3$ | On Approval$^2$ |
| Colorado | $875 | On Approval$^2$ |
| Connecticut | N/A | $1250$^{4,5}$ |
| Delaware | N/A | $950 |
| District of Columbia | $600$^{1,6}$ | On Approval$^2$ |
| Florida | N/A | $1,300$^{1,7}$ |
| Georgia | $600$^1$ | On Approval$^2$ |
| Guam | $1,200 | On Approval$^2$ |
| Hawaii | $1,100 | On Approval$^2$ |
| Idaho | $600 | On Approval$^2$ |
| Illinois | N/A | $1,300 |
| Indiana | N/A | $1,100 |
| Iowa | $550 | $850 |
| Kansas | N/A | $850 |
| Kentucky | N/A | $1,100 |
| Louisiana | N/A | $1,050 |
| Maine | N/A | $1,250 |
| Maryland | $950$^{1,6}$ | On Approval$^2$ |
| Massachusetts | N/A | $1,300$^4$ |
| Michigan | $650 | On Approval$^2$ |
| Minnesota | $700$^8$ | On Approval$^2$ |

Announcement 08-19        Attachment 1        Page 1

Exhibits p.000090

| State | Nonjudicial Foreclosure | Judicial Foreclosure |
|---|---|---|
| Mississippi | $550[1] | On Approval[2] |
| Missouri | $650 | On Approval[2] |
| Montana | $600 | On Approval[2] |
| Nebraska | $600 | On Approval[2] |
| Nevada | $600 | On Approval[2] |
| New Hampshire | $900 | On Approval[2] |
| New Jersey | N/A | $1,300 |
| New Mexico | $600 | $900 |
| New York | $800[9] | $1,400[4,9] |
| North Carolina | $800 | On Approval[2] |
| North Dakota | N/A | $950 |
| Ohio | N/A | $1,350 |
| Oklahoma | N/A | $1,100 |
| Oregon | $675 | On Approval[2] |
| Pennsylvania | N/A | $1,300[10] |
| Puerto Rico | N/A | $1,100[4,11] |
| Rhode Island | $900 | On Approval[2] |
| South Carolina | N/A | $1,050[1] |
| South Dakota | N/A | $950 |
| Tennessee | $600 | On Approval[2] |
| Texas | $600 | On Approval[2] |
| Utah | $600 | On Approval[2] |
| Vermont | N/A | $950[12] |
| Virgin Islands | N/A | $1,100 |
| Virginia | $600 | On Approval[2] |
| Washington | $675 | On Approval[2] |
| West Virginia | $550[1,6] | On Approval[2] |
| Wisconsin | N/A | $1,200 |
| Wyoming | $600 | On Approval[2] |

Footnotes:

1 This fee covers the combined attorney's and notary's fees.
2 Because this is not the preferred method of foreclosure, Fannie Mae must approve its use prior to initiation. Fannie Mae will provide procedural instructions and applicable fees at the time approval is granted.
3 This fee applies to completed foreclosures. If the mortgage is reinstated after recordation of the Notice of Default (but before mailing of the Notice of Sale), the maximum fee is $300 or the maximum allowed by statute, whichever is less. If the mortgage is reinstated after mailing of the Notice of Sale but before the Trustee's Sale, the maximum fee is $500 or the maximum allowed by statute, whichever is less.
4 An additional $200 will be permitted when the property is sold to a third party and the attorney must perform additional work to complete the transfer of title to the successful bidder.
5 This fee applies to Strict Foreclosures. If the court orders a Foreclosure by Sale, the fee will be $1,500.
6 This fee covers both the attorney's fee and the trustee's commission (or statutory fee).
7 This fee includes reimbursement for any fee for the attorney's certificate of title.
8 This fee increases to $1,100 for any case in which the attorney provides services for "proceedings subsequent" that involve registered land.
9 In New York, the nonjudicial foreclosure process is to be used only in connection with cooperative share loans. The fee includes all steps in the foreclosure process, including the transfer of the stock and the lease for an occupied cooperative unit. A fee of $2,000 will be permitted for judicial foreclosures in the City of New York and on Long Island (Nassau and Suffolk Counties).
10 This fee covers all legal actions necessary to complete the standard foreclosure in Pennsylvania, including motions to postpone or relist a sale and motions to reassess damages.
11 In addition to the allowable foreclosure fee, Fannie Mae will pay a notary fee of $150 for completed foreclosures. However, if a deed of judicial sale cannot be executed contemporaneously with the judicial sale, a $300 notary fee will be paid.
12 This fee covers all cases in which strict foreclosure is allowed; generally, foreclosures in which the mortgagee can establish there is no equity in the property. For all other cases in which judicial foreclosure is required, a fee of $1,200 will be permitted.

# Attachment 2

## *Servicing Guide*, Part VII, Chapter 4, Exhibit 5: Allowable Bankruptcy Attorney Fees (Effective October 1, 2008)

| Bankruptcy Action | Maximum Fee Reimbursement |
|---|---|
| **Chapter 7 Cases** | |
| Motion for Relief from Stay, One or Two Hearings, and Order | $550 |
| Proof of Claim Preparation (if required) [1] | $150 |
| Notice of Appearance | $0 |
| Additional Hearings or Other Services | Excess fee request |
| **Chapter 13 Cases** | |
| Proof of Claim Preparation, Plan Review, and Plan Negotiations [1] | $300 |
| Objection to Plan and One or Two Hearings | $400 |
| Motion for Relief from Stay, One or Two Hearings, and Order | $650 |
| Agreed Order: Court Certification of Default/Stay Termination | $150 |
| Agreed Order: Notice of Default/Stay Termination | $50 |
| Notice of Appearance | $0 |
| Additional Hearings on Motions for Relief from Stay or Objections to Plans | Excess fee request |
| Second Motion for Relief from Stay or Objection to Plan | |
| Response to Proof of Claim Objection | |
| Actions Related to Serial Bankruptcy Filers | |
| Other Fees or Costs [2] | |

Footnotes:

[1] If a mortgage is not 60 days or more past due, then the servicer should prepare the Proof of Claim and/or review the plan (in a Chapter 13 case). If a mortgage is not 60 days past due and the servicer believes that an attorney should review a plan (in a Chapter 13 case) due to its potential effect on a borrower's obligations, then the attorney or servicer should submit an excess fee request for plan review.

[2] Fees for Chapter 11 or Chapter 12 cases, adversary proceedings, or any other fees not covered in the above schedule must be submitted as an excess fee request.

**Additional Notes:**
Fannie Mae will not reimburse bankruptcy fees or costs for the following without prior excess fee approval:

- mortgages referred when the borrower was less than 60 days past due per the terms of the mortgage (or less than 60 days past due under the bankruptcy plan);
- PACER and mailing (preparation and postage);
- loan document retrieval; or
- Motions for Relief from Stay in Chapter 7 cases when filed more than 60 days from the bankruptcy petition date.



## TRUSTEE CORPS
*Experience. Trust. Integrity.*
17100 Gillette Ave. Irvine, CA 92614
Office: 949.252.8300   Fax: 949.252.8330

September 20, 2016

The attached letter is being sent to you by MTC Financial Inc. dba Trustee Corps on behalf of the Servicer of your loan, Bank of America, N.A.. Please refer to their letter for contact information and any questions or concerns you may have.

1 of 2

# TRUSTEE CORPS

*Experience. Trust. Integrity.*

17100 Gillette Ave. Irvine, CA 92614
Office: 949.252.8300   Fax: 949.252.8330

September 20, 2016

Re:   **Foreclosure Prevention Alternatives**

    Property:   406                                        755
    Loan No:
    TS No:   CA08002015-16-1

Dear Al    V RA

Your loan has been referred for foreclosure action. If you provide information about your situation, Bank of America, N.A. can determine whether you qualify for temporary or long-term relief, including options that allow you to stay in your home:

1. **Forbearance** – Make reduced mortgage payments or no mortgage payments for a specific period of time.

2. **Repayment** – Pay back your past due payments together with your regular payment over an extended period of time.

3. **Modification** – Receive modified terms of your mortgage to make it more affordable or manageable after successfully making the reduced payment during a "trial period" (i.e., completing a three month trial period plan).

4. **Short Sale** – Sell your home and payoff a portion of your mortgage balance when you owe more on the home than it is worth.

5. **Mortgage Release** – You voluntarily transfer ownership of your property to your mortgage lender to satisfy your loan.

Bank of America, N.A. may have previously sent you a letter advising you of possible alternatives to foreclosure, along with a Borrower Response Package with documents for you to complete and return to Bank of America, N.A. to be evaluated for these alternatives. If you did not receive or no longer have the documents, or have not returned all of the documents, please contact Bank of America, N.A. immediately at 800-669-6607 to obtain the documents.

If you need assistance, contact Bank of America, N.A. at 800-669-6607.

We are attempting to collect a debt and any information we obtain will be used for that purpose. The debt being collected is assumed to be valid unless the Debtor disputes this within 30 days. If disputed, the debt collector will obtain and furnish to the Debtor verification of the debt. If a written request is made within 30 days by the Debtor, the name of the original Lender will be given if different than current.

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

# TRUSTEE CORPS
*Experience. Trust. Integrity.*

**Corporate Office**
17100 Gillette Ave. Irvine, CA 92614
Office: 949.252.8300     Fax: 949.252.8330

September 24, 2016

| | |
|---|---|
| Borrower: | AN(          S, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY |
| Property Address: | 406 E                                    CA 91755 |
| Name of Creditor: | Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-2 |
| Total Debt as of September 24, 2016: | **$799,786.09** |
| Next Payment Due Date: | September 1, 2008 |

## IMPORTANT INFORMATION – PLEASE READ FIRST

Dear ANCELMO V RAMOS,

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

You are being provided this notice because of a search of the public records or from information provided by the Servicer of your loan.

To obtain a payoff or reinstatement to cure the default, you will need to contact our office. In order to assist you, please use the contact information noted below.

**Contact information:**

| | |
|---|---|
| Email correspondence: | support@trusteecorps.com |
| Facsimile correspondence: | (949) 252-8330 |
| Written correspondence: | Trustee Corps<br>Foreclosure Department<br>17100 Gillette Avenue<br>Irvine, CA 92614 |

Please include the following information on all correspondence:

* The information you are requesting
* Your Name
* Your Mailing Address
* Your Phone Number
* Your Loan Number **XXXX9862**
* Our File Number **CA08002015-16-1**
* Your relationship to the property in foreclosure (Example: property owner, junior lien holder, escrow company, etc.)

# Servicing Guide

**Published December 13, 2017**

Guide Table of Contents

Search guide content

**BACK TO PART B** ➤

## B-4-01: Earthquake or Typhoon Insurance (11/12/2014)

Earthquake insurance is required for

- insurable improvements of any property securing a mortgage loan in Puerto Rico, and
- insurable improvements of masonry construction on any property securing a mortgage loan in Guam.

A typhoon endorsement is required for any property securing a mortgage loan in Guam.

See B-2, Property Insurance Requirements for requirements related to the amount of coverage and maximum allowable deductible.

Exhibits p.000098